KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
E-mail: karen@hankslg.com
CHANTEL M. SCHIMMING, ESQ.
Nevada Bar No. 8886
E-mail: chantel@hankslg.com
ANA P. MURGUIA, ESQ.
Nevada Bar No. 16284
E-mail: ana@hankslg.com
HANKS LAW GROUP
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 758-8434
*Attorneys for SFR Investments Pool 1, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | CASE NO.: 2:22-cv-02035 |
| Plaintiff, | **COMPLAINT** |
| vs. | **(JURY DEMAND)** |
| NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER; FEDERAL HOME LOAN MORTGAGE CORPORATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

SFR Investments Pool 1, LLC hereby files its complaint against the above-named defendants as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, SFR Investments Pool 1, LLC ("SFR"), at all relevant times stated herein, is and was a Nevada limited liability company with its principal place of business in Clark County, Nevada.

2. Upon information and belief, Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") is a Delaware limited liability company with its principal place of business in Coppell, Texas and that conducts business in Nevada.

- 1 -

3. Upon information and belief, Defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac") is a corporation organized and existing under the laws of the United States with its principal office in Virginia.

4. Upon information and belief, each of the defendants sued herein as DOES I through X, inclusive claim an interest in the Property or are responsible in some manner for the events and action that plaintiff seeks to enjoin; that when the true names capacities of such defendants become known, plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

5. Upon information and belief, each of the defendants sued herein as ROE BUSINESS ENTITIES I through X, inclusive claim an interest in the Property or are responsible in some manner for the events and happenings herein that plaintiff seeks to enjoin; that when the true names capacities of such defendants become known, plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

6. This Court has jurisdiction to adjudicate this matter pursuant to 28 U.S.C. § 1332, as all parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because this lawsuit arises out of the foreclosure proceedings on the property located at **7927 Capistrano Valley Avenue, Las Vegas, NV  89178; APN:  176-28-613-111** (the "Property"), a Property located in this district—Clark County, Nevada.

**GENERAL ALLEGATIONS**

8. Jannettje Tolchin, an Unmarried Woman ("Borrower"), acquired title to the Property in March 2008 via a Grant, Bargain, Sale Deed recorded in the Official Records of the Clark County Recorder on March 31, 2008, as Instrument No.:  200803310004176.

9. A deed of trust which identified First Horizon Home Loans, a Division of First Tennessee Bank N.A. ("First Horizon") as the Lender and Mortgage Electronic Registration Systems, Inc.

("MERS"), solely as nominee for First Horizon and First Horizon's successors and assigns, as beneficiary, was executed by Borrower and recorded in the Official Records of the Clark County Recorder on March 31, 2008, as Instrument No.: 200803310004177 ("Deed of Trust").

10. On December 30, 2008, a Quitclaim Deed quitclaiming all right, title and interest in and to the Property from Jannetje Tolchin to JAS Worldwide Enterprises, LLC was recorded in the Official Records of the Clark County Recorder as Instrument No.: 200812300003075.

11. An Assignment of Deed of Trust assigning all beneficial interest under the Deed of Trust, together with the Promissory Note secured by said Deed of Trust from MERS to First Horizon was recorded in the Official Records of the Clark County Recorder on October 1, 2010, as Instrument No.: 201010010000340.

12. On October 1, 2010, a Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust was recorded in the Official Records of the Clark County Recorder as Instrument No.: 201010010000342 ("First NOD").

13. The First NOD indicates the Borrower became delinquent on March 1, 2009.

14. Upon information and belief, Nationstar, or its predecessor(s) declared all sums secured by the Deed of Trust wholly due prior to July 2009, but in no event later than October 1, 2010.

15. Alternatively, even if declaration of the entire unpaid balance due (acceleration) could not occur until confirmation that the deficiency in performance was not made good withing 35 days after the recording of the First NOD, acceleration occurred no later than November 5, 2010.

16. Pursuant to NRS § 106.240, a lien created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

17. There has been nothing recorded indicating the debt secured by the deed of trust is no longer wholly due/accelerated.

18. More specifically, at no time within ten years after acceleration did Nationstar, its predecessors in interest or any other entity claiming an interest in the Deed of Trust, or their agents, take any clear and unequivocal affirmative act necessary to decelerate the loan.

19. Thus, at the latest, pursuant to NRS 106.240, the Deed of Trust was terminated/discharged as of November 5, 2020, which is ten years after the debt was deemed wholly due/accelerated.

20. FRS Properties, LLC obtained title to the Property on November 16, 2010, by successfully bidding on the Property at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et. seq.*

21. On November 17, 2010, the resulting Trustee's Deed Upon Sale was recorded in the Official Records of the Clark County Recorder as Instrument No.: 201011170002104.

22. On November 1, 2011, a Grant Deed granting the Property from FRS Properties, LLC to Rolev 2 LLC was recorded in the Official Records of the Clark County Recorder as Instrument No.: 201111010001580.

23. On October 18, 2012, a Grant, Bargain, Sale Deed, conveying the Property from Rolev 2 LLC to Maliheh Pehzuhesh as to 1 percent and Rolev 2 LLC as to 99 percent was recorded in the Official Records of the Clark County Recorder as Instrument No.: 201210180002507.

24. On November 7, 2012, a Notice of Default and Election to Sell Under Deed of Trust was recorded in the Official Records of the Clark County Recorder as Instrument No.: 201211070002706 ("Second NOD").

25. The Second NOD indicates the Borrower became delinquent on April 1, 2009.

26. In the event the one month change in delinquency date according to the Second NOD had any impact on the initial acceleration of the loan, upon information and belief, Nationstar, or its predecessor(s) again declared all sums secured by the Deed of Trust wholly due on November 7, 2012, or in no event later than later than December 12, 2012.

27. Thus, even if the debt was not terminated/discharged as of November 5, 2020, ten years after the debt was initially deemed wholly due/accelerated, it will be terminated/discharged as of December 12, 2022, prior to the scheduled foreclosure sale on the Property.

28. SFR obtained title to the Property on April 16, 2013, by successfully bidding on the Property at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et. seq.*

29. On April 18, 2013, the resulting Trustee's Deed Upon Sale was recorded in the official records of the Clark County Recorder as Instrument No.: 201304180003307.

30. Despite the fact that MERS had already assigned all beneficial interest under the Deed of Trust, together with the Promissory Note, to First Horizon, a Corporation Assignment of Deed of Trust purporting to assign the Deed of Trust, together with all interest secured thereby from MERS to Nationstar was recorded in the Official Records of the Clark County Recorder on January 30, 2014, as Instrument No.: 201401300000478.

31. Subsequently, on May 28, 2014, an Assignment of Deed of Trust assigning all right, title and interest in and to the Deed of Trust, together with the note(s), from First Horizon to Nationstar, was recorded in the Official Records of the Clark County Recorder as Instrument No.: 01405280000309. That Assignment was re-recorded to correct Notary Acknowledgement on June 6, 2014, as Instrument No.: 201406060000784.

32. On July 22, 2015, an Assignment of Deed of Trust assigning all beneficial interest under the Deed of Trust from Nationstar back to First Horizon was recorded in the Official Records of the Clark County Recorder as Instrument No.: 201507220000899.

33. On November 23, 2015, a Corporation Assignment of Deed of Trust assigning all beneficial interest under the Deed of Trust from First Horizon back to Nationstar was recorded in the Official Records of the Clark County Recorder as Instrument No.: 201511230001731.

34. On February 27, 2017, another assignment purporting to again assign the Deed of Trust from First Horizon to Nationstar was recorded in the Official Records of the Clark County Recorder as Instrument No.: 201702270002646.

35. On July 25, 2022, a Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust was recorded against the Property in the Official Records of the Clark County Recorder as Instrument No.: 202207250001781 ("Third NOD"), again alleging that the Deed of trust was in default and that the Borrower became delinquent on April 1, 2009.

36. Shortly after receipt of the Third NOD, SFR, through its counsel, sent a request for information/statements pursuant to NRS 107.200 and NRS 107.210 to Nationstar, as the then beneficiary of record and apparent agent for Freddie Mac.

37. As part of the request, SFR specifically included a request for a copy of the Promissory Note pursuant to NRS 107.260. ("SFR's Request").

38. SFR's Request was sent to Nationstar at the address provided in the Third NOD on August 10, 2022, via Priority Mail 2-Day USPS mail. SFR's Request was delivered to Nationstar on August 12, 2022, at 10:03 AM.

39. To date, SFR has not received a response to its request for information/statements, nor has SFR received a copy of the Promissory Note in response to its request.

40. On November 17, 2022, a Notice of Trustee's Sale was recorded in the Official Records of the Clark County Recorder as Instrument No.: 202211170000818.

41. On November 18, 2022, an Assignment of Deed of Trust assigning all beneficial interest under the Deed of Trust from Nationstar to Federal Home Loan Mortgage Corporation ("Freddie Mac") was recorded in the Official Records of the Clark County Recorder as Instrument No.: 202211180001413.

42. SFR did not receive a copy of the November 17, 2022, Notice of Trustee's Sale. However, or about November 28, 2022, SFR received a copy of an old Notice of Trustee's Sale indicating a sale date of August 7, 2013.

43. Upon information and belief, SFR was sent the wrong Notice of Trustee's Sale.

44. SFR was initially able to confirm a new Notice of Trustee's Sale was recorded on November 17, 2022, but was unable to immediately determine the sale date.

45. By gathering the necessary information from the Clark County Recorder website, SFR was able to obtain a copy of the Notice of Trustee's Sale on November 30, 2022, which indicated the foreclosure sale is scheduled for December 16, 2022, at 9:00 A.M.

**FIRST CAUSE OF ACTION**
**(Quiet Title – NRS 40.010/Declaratory Judgment)**

46. SFR repeats and re-alleges the allegations of paragraphs 1-45 as though fully set forth

herein and incorporates the same by reference.

47. Currently recorded against the Property is a Deed of Trust recorded as Instrument No.: 200803310004177.

48. Defendant, Nationstar, may claim an adverse interest in the Property through the Deed of Trust.

49. Defendant, Freddie Mac, may claim an adverse interest in the Property through the Deed of Trust.

50. Upon information and belief, neither Nationstar nor Freddie Mac currently have any interest in the Property as a matter of law the deed of trust was terminated as of November 5, 2020, which is ten years after the debt was first deemed wholly due/accelerated.

51. Alternatively, in accordance with the Second NOD, Nationstar or its predecessors declared all sums secured by the Deed of Trust immediately due and payable prior to or on November 7, 2012, or in no event later than later than December 12, 2012.

52. There is no evidence in the county records that Nationstar or its predecessors in interest ever attempted to decelerate the initial declaration of the debt as wholly due/accelerated.

53. In the event the new delinquency date in the Second NOD impacted the initial acceleration, there is still no evidence in the county records that Nationstar or its predecessors in interest ever attempted to decelerate the declaration of the debt as wholly due/accelerated in the Second NOD.

54. Accordingly, as a result of the declaration of the debt as wholly due/accelerated by Nationstar or its predecessors, pursuant to NRS 106.240, the Deed of Trust has been terminated/discharged or will be terminated/discharged before the December 16, 2022, foreclosure sale.

55. As the debt secured by the Deed of Trust was accelerated, declared wholly due and was discharged, the Deed of Trust was terminated and is no longer enforceable.

56. SFR is entitled to a Declaration and Order Quieting Title in favor of SFR and stating that the Deed of Trust is unenforceable and void as an encumbrance upon the subject Property and Nationstar and Freddie Mac are prohibited by law from foreclosing on or selling the Property.

57. Failure to deem the Deed of Trust terminated will result in damages, including, but not limited to, loss of the Property.

58. SFR has been forced to retain counsel and prosecute the foregoing action, and SFR is entitled to an award of attorneys' fees and costs for the need to bring the instant complaint for relief.

**SECOND CAUSE OF ACTION**
**(Violation of NRS 107.200 *et seq*.)**

59. SFR repeats and realleges the allegations of paragraphs 1-58 as though fully set forth herein and incorporate the same by reference.

60. Pursuant to NRS 107.200, the beneficiary of a deed of trust shall, within 21 days after receiving a request from a person authorized to make such a request pursuant to NRS 107.220, provide to that person a statement regarding the debt secured by the deed of trust.

61. Pursuant to NRS 107.210, the beneficiary of a deed of trust shall, within 21 days after receiving a request from a person authorized to make such a request pursuant to NRS 107.220, provide to that person a statement of the amount necessary to discharge the debt secured by the deed of trust.

62. At the time of the recording of the NOD, Nationstar was reflected in the public records as the beneficiary of record of the Deed of Trust on the Property.

63. Upon information and belief, Nationstar was acting as agent for Freddie Mac.

64. At the time of the recording of the NOD, Nationstar was purporting to be the current holder of the note secured by the Deed of Trust.

65. At the time of the recording of the NOD, Nationstar was also purporting to be the current servicer of the obligation or debt secured by the Deed of Trust.

66. Upon information and belief, Nationstar was servicing on behalf of Freddie Mac.

67. Currently, the beneficiary of record of the Deed of Trust is Freddie Mac.

68. Nationstar is believed to still be acting as agent for Freddie Mac and also servicing the loan on behalf of Freddie Mac.

69. Pursuant to NRS 107.220(1)(a), a successor in interest to the grantor of the property which

1  is the subject of the deed of trust is a person authorized to make such a request.

2  70. SFR, by virtue of having obtained the Property at the Association Foreclosure Sale, is a
3  successor in interest to the grantor.

4  71. Nationstar, as servicer and agent on behalf of Freddie Mac, having been involved in
5  litigation with SFR, as the owner of the Property, in a case involving the subject Deed of Trust on
6  the Property, Case No. A-13-685826-C—a case that was not fully resolved until early 2019, knew
7  SFR was the record owner of the Property.

8  72. On or about August 10, 2022, SFR sent a written request to Nationstar, the then beneficiary
9  of record, for the statements required to be provided under NRS 107.200 and 107.210, as well as
10 a copy of the Promissory Note pursuant to NRS 107.260.

11 73. Nationstar did not respond with the required information to SFR's requests pursuant to
12 NRS 107.200 *et seq*.

13 74. Since the assignment of the beneficial interest under the Deed of Trust from Nationstar to
14 Freddie Mac, neither Freddie Mac as beneficiary, nor Nationstar as servicer and agent for Freddie
15 Mac, have responded to SFR's requests pursuant to NRS 107.200 *et seq*.

16 75. Nationstar willfully failed to deliver the statements pursuant to NRS 107.200 and 107.210
17 within 21 days after they were requested.

18 76. Nationstar and Freddie Mac continue to willfully fail to deliver the statements pursuant to
19 NRS 107.200 and 107.210.

20 77. Nationstar and Freddie Mac have further willfully failed to produce a copy of the
21 Promissory Note pursuant to NRS 107.260.

22 78. Because the Nationstar and Freddie Mac have willfully refused and/or failed to respond to
23 SFR's requests, SFR has been unable to obtain the full details regarding the debt secured by the
24 deed of trust as set forth under NRS 107.200.

25 79. Because Nationstar and Freddie Mac have willfully refused and/or failed to respond to
26 SFR's requests, SFR has been unable to determine the accurate amount necessary to discharge the
27 debt secured by the Deed of Trust as set forth under NRS 107.210.

28

80. As a result of Nationstar and/or Freddie Mac's obstructionist practice of willfully failing to respond to SFR's requests made pursuant to NRS 107.200 *et seq.*, it is impossible for SFR to tender the amount necessary to protect its interest.

81. As a direct and proximate cause of Nationstar and/or Freddie Mac's violations of NRS 107.200 *et seq.*, pursuant to NRS 107.300, SFR is entitled to mandatory damages as follows: (a) damages of $300.00 and any actual damages suffered as a result of Nationstar and/or Freddie Mac's willful violations of NRS 107.200 *et seq*.

82. Because Nationstar and/or Freddie Mac refused to provide the required information pursuant to SFR's requests for statements pursuant to NRS 107.200 and 107.210, or to provide a copy of the Promissory Note pursuant to NRS 107.260, SFR has or will incur damages, including, but not limited to, potential loss of the Property, economic loss related to the Property and attorney fees and costs for having to bring the instant action.

83. SFR has been forced to retain counsel and prosecute this action, and SFR is entitled to an award of attorneys' fees and costs for the need to bring the instant complaint for relief.

## JURY DEMAND

SFR hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against SLS, as follows:

1. A declaration the Deed of Trust recorded March 31, 2008, as Instrument No.: 200803310004177 has been terminated/discharged.
2. A declaration that deed of trust was terminated pursuant to NRS 106.240 no later than November 5, 2020.
3. Alternatively, a declaration that pursuant to NRS 106.240 the Deed of Trust will be terminated/cancelled in accordance with NRS 106.240 prior to the foreclosure sale currently scheduled for December 16, 2022.

4. A declaration that due to the cancellation of the Deed of Trust, neither Nationstar nor Freddie Mac have authority to foreclose on the Property.
5. A declaration that Nationstar and/or Freddie Mac violated NRS 107.200 and 107.210.
6. For general and special damages, including attorneys' fees and costs.
7. For costs of suit incurred herein; and
8. For such other and further relief the Court deems proper.

DATED this 7th day of December, 2022.

**HANKS LAW GROUP**

*/s/ Chantel M. Schimming*
CHANTEL M. SCHIMMING, ESQ.
Nevada Bar No. 8886
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
*Attorneys for SFR Investments Pool 1, LLC*